# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

THE BRADY CENTER TO PREVENT GUN
VIOLENCE,
840 First Street, NE
Suite 400
Washington, DC 20002,

        Plaintiff

vs.

U.S. DEPARTMENT OF JUSTICE
950 Pennsylvania Avenue, NW
Washington, DC 20530,

and

BUREAU OF ALCOHOL, TOBACCO,
FIREARMS AND EXPLOSIVES,
99 New York Avenue, NE
Washington, DC 20226,

        Defendants.

Case No.  18-cv-2643

## COMPLAINT
### (Freedom of Information Act)

      Plaintiff, The Brady Center to Prevent Gun Violence, brings this action against

Defendants, the U.S. Department of Justice ("DOJ") and its component agency, the Bureau of

Alcohol, Tobacco, Firearms and Explosives ("ATF"), to compel compliance with the Freedom of

Information Act ("FOIA"), 5 U.S.C. § 552.

      As further alleged below, Plaintiff has sought certain information from the ATF that is

directly relevant to Plaintiff's mission to reduce gun violence in America, and of public

importance.  Defendants have not claimed that the requested information is subject to any FOIA

exceptions or privilege and have not advanced any other reason why it should not be disclosed.

Despite the clear statutory requirement that an agency respond to a FOIA request within 20 days, and despite Plaintiff's inquiries, Defendants have failed to produce any documents in response to the Plaintiff's FOIA request, which Plaintiff submitted over four months ago.  Plaintiff seeks to compel Defendants to comply with their obligations under FOIA and promptly produce the requested records.

Plaintiff further alleges as follows:

## PARTIES

1.      Plaintiff, The Brady Center to Prevent Gun Violence, is a 501(c)(3) non-profit corporation incorporated under the laws of the District of Columbia, and headquartered at 840 First Street NE, Suite 400, Washington, DC 20002.

2.      Defendant, U.S. Department of Justice is an agency of the United States Government under 5 U.S.C. § 552(f)(1) and 5 U.S.C. § 551(1).  DOJ is headquartered at 950 Pennsylvania Avenue NW, Washington, DC 20530.  DOJ has possession, custody, and control of the documents that Plaintiff seeks in response to its FOIA request.

3.      Defendant, Bureau of Alcohol, Tobacco, Firearms and Explosives is a component of the DOJ and is an agency of the United States of America under 5 U.S.C. § 552(f)(1) and 5 U.S.C. § 551(1). ATF is headquartered at 99 New York Avenue, NE, Washington, DC 20226. ATF has possession, custody, and control of the documents that Plaintiff seeks in response to its FOIA requests.

## JURISDICTION & VENUE

4.      This Court has jurisdiction over this claim pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

5.      Venue is proper pursuant to 5 U.S.C. § 552(a)(4)(B).

## STATEMENT OF FACTS

6.      The Brady Center to Prevent Gun Violence is an independent, nonpartisan, non-profit organization with a mission to create a safer America by dramatically reducing gun-related injuries and deaths.  For more than 25 years, the Brady Center's legal team has taken on the corporate gun lobby and worked in and out of the courts to obtain justice for victims of gun violence, to reform dangerous industry practices, and to lead a new national conversation about gun violence prevention.

7.      The Brady Center also works with public officials to defend responsible gun laws that are under attack, and challenges laws, regulations, and practices that make American communities less safe.  In addition to its work in the courts, the Brady Center develops and implements extensive public health and safety programs designed to curb gun violence and change social norms surrounding guns, and publishes reports and disseminates information relevant to gun violence problems and solutions.  An important part of achieving the Brady Center's mission of reducing gun deaths and injuries is an ATF that effectively enforces firearms laws and cracks down on irresponsible gun dealers and dangerous gun industry practices that arm criminals and other dangerous people.

8.      As part of its mission, the Brady Center seeks to hold accountable gun dealers and others in the industry whose reckless and irresponsible practices worsen the problem of gun violence in America, and to educate the public about the causes of gun violence, including how a small percentage of gun dealers supply virtually all of the criminal gun market.  Data shows that about 90% of crime guns come from about 5% of gun dealers.  The Brady Center strives to identify these "bad apple" gun dealers to help guide its advocacy, education, and industry reform efforts, which include informing the public about practices endangering their communities.  One

way to do that is to review information about which gun dealers, or federal firearms licensees, have been subject to warnings or license revocations by the ATF because of their violations of federal firearms laws, and how ATF does or does not fulfill its obligations by determining how gun dealers are penalized for violating federal firearms laws and regulations.

9.      Accordingly, on August 7, 2017, the Brady Center submitted a FOIA request ("the First Warning Letter Request") to ATF seeking two discrete categories of requested records dated between July 1, 2015 and June 30, 2017:

> (1) All warning letters, warning conference notices, and the underlying reports of violations and firearms inspection narrative reports, issued to federal firearms licensees from July 1, 2015 through June 30, 2017;
>
> (2) All notices of revocation of license and the accompanying ATF Form 4500s issued to federal firearms licensees from July 1, 2015 through June 30, 2017.

10.     The Agency failed to respond to the First Warning Letter Request within the proscribed time periods.

11.     On October 16, 2017, the Brady Center filed a lawsuit in the United States District Court for the District of Columbia to compel the Agency to comply with its obligations under FOIA with respect to the First Warning Letter Request.  This lawsuit is docketed as Case Number 1:17-cv-02130-RDM.

12.     After the Court ordered the production of responsive records, the Agency began releasing documents responsive to the First Warning Letter Request and continues to make productions of at least 750 pages of documents per month.

13.     These limited releases of records revealed numerous instances in which ATF cited firearm dealers for serious and repeat violations (including but not limited to selling to prohibited purchasers, failing to conduct background checks, falsifying information, and selling to straw

purchasers), yet failed to take appropriate remedial actions to revoke such dealers' licenses or otherwise reform their practices. This includes many cases where the front-line ATF investigator recommended the revocation or non-renewal of a gun dealer's federal firearms license, but a higher-level ATF official overturned the investigator's decision.

14.     These limited releases also served as the basis of several media stories, including a prominent expose in the June 3, 2018 edition of the New York Times titled, "When Guns Are Sold Illegally, A.T.F. Is Lenient on Punishment," and an article in the July 1, 2018 San Francisco Chronicle titled, "ATF Records Show How 6 Northern California Gun Shops Ran Afoul the Law."

15.     The releases also served as the basis of a June 27, 2018 letter from U.S. Senators Dianne Feinstein (CA); Robert Menendez (NJ); Richard Blumenthal (CT); Richard Durbin (IL); Brian Schatz (HI); Christopher Murphy (CT); and Edward Markey (MA) to Acting Director Thomas E. Brandon expressing concern about ATF's enforcement policies and demanding answers from ATF about its policies and practices for inspecting gun dealers.

16.     On July 3, 2018, the Brady Center submitted another FOIA request ("the Second Warning Letter Request") to ATF seeking the same two discrete categories of records, but for the updated time period from July 1, 2017 through the present:

>    (1) All warning letters, warning conference notices, and the underlying reports of violations and firearms inspection narrative reports, issued to federal firearms licensees from July 1, 2017 through the present;

>    (2) All notices of revocation of license and the accompanying ATF Form 5400.10 issued to federal firearms licensees from July 1, 2017 through the present.

17.     Like the documents received to date from the First Warning Request, the Brady Center will use the requested information from the Second Warning Request to further the organization's goals including by educating the public.

18.     The Second Warning Letter Request also requested a fee waiver.

19.     A true and correct copy of the Second Warning Letter Request is attached as Exhibit A.

20.     On July 13, 2018, counsel for the Brady Center sent an email to the ATF FOIA Office requesting an update on the status of the ATF's response to the Second Warning Letter Request.  The ATF did not respond.

21.     On August 2, 2018, the ATF acknowledged receiving the Warning Letter Request on August 7, 2017 and assigned it request number 2018-1298.  In the same letter, the ATF granted the Brady Center's fee waiver request.

22.     Pursuant to FOIA, within 20 business days of receipt of Plaintiff's request – that is, no later than August 1, 2018 – ATF was required to "determine . . . whether to comply with such request" and to "immediately notify" Plaintiff of "such determination and the reasons therefor," and, in the case of an adverse determination, Plaintiff's appeal rights. 5 U.S.C. § 552(a)(6)(A)(i).

23.     To date, the Brady Center has received no further response from ATF related to the Second Warning Letter Request.

24.     Thus, ATF has not made a determination on the Second Warning Letter Request within the time limits prescribed by FOIA, 5 U.S.C. § 552(a)(6)(A)(i).

## COUNT I - FAILURE TO COMPLY WITH FOIA

25.     The Brady Center incorporates each of the foregoing paragraphs of this Complaint.

26.     Pursuant to FOIA, 5 U.S.C. § 552(a), the Brady Center has a statutory right to access requested agency records.

27.     ATF has failed to comply with the time limits prescribed by FOIA, 5 U.S.C. §§ 552(a)(6)(A)(i).

28.     ATF has failed to conduct a reasonable search for records responsive to the requests.

29.     ATF has failed to properly respond to the Brady Center's record requests, as required by 5 U.S.C. §§ 552(a)(6)(A)(i).

## **PRAYER FOR RELIEF**

WHEREFORE, the Brady Center to Prevent Gun Violence respectfully requests that this Court enter a judgment for Plaintiff and award the following relief:

a.     Order Defendants, by a date certain, to conduct a search that is reasonably likely to lead to the discovery of any and all records responsive to Plaintiff's Second Warning Letter Request;

b.     Order Defendants, by a date certain, to demonstrate that it has conducted an adequate search;

c.     Order Defendants, by a date certain, to produce to Plaintiff any and all non-exempt records or portions of records responsive to Plaintiff's Second Warning Letter Request, as well as a *Vaughn* index of any records or portions of records withheld due to a claim of exemption;

d.     Enjoin Defendants from withholding the requested records;

e.     Award Plaintiff its costs and attorney's fees reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

f.      Grant Plaintiff such other and further relief as the Court may deem just and

proper.

November 15, 2018                              Respectfully submitted,


                                               */s/ Kevin T. Barnett*
                                               Kevin T. Barnett (D.C. Bar No. 1003410)
                                               Alan Pemberton (D.C. Bar No. 367108)
                                               Nooree Lee (D.C. Bar No. 1001687)
                                               Covington & Burling LLP
                                               One CityCenter
                                               850 Tenth Street NW
                                               Washington, DC 20001
                                               (202) 662-5430
                                               kbarnett@cov.com

                                               Jonathan E. Lowy (D.C. Bar No. 418654)
                                               Joshua Scharff (D.C. Bar No. 999392)
                                               Brady Center to Prevent Gun Violence
                                               840 First Street NE Suite 400
                                               Washington, DC 20002
                                               (202) 370-8105
                                               jscharff@bradymail.org

                                               ATTORNEYS FOR PLAINTIFF