**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| THE BRADY CENTER TO PREVENT GUN VIOLENCE,<br><br>        Plaintiff<br><br>vs.<br><br>U.S. DEPARTMENT OF JUSTICE<br><br>and<br><br>BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES,<br><br>        Defendants. | Case No.  1:17-cv-02130 (RDM)<br>Consolidated with 1:18-cv-02643 (RDM) |

**JOINT STATUS REPORT**

Pursuant to this Court's Minute Orders dated October 8, 2019, and October 18, 2019, Plaintiff, the Brady Center to Prevent Gun Violence ("Brady Center") and Defendants United States Department of Justice and the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") set forth the current status of this case, including information about the ATF's efforts to determine kind of a search former Acting Deputy Director ("ADD") Ronald Turk did of his personal email system in response to Plaintiff's Freedom of Information Act (pursuant to the Court's September 28, 2019 Memorandum Opinion and Order), and a proposal for further proceedings.

    **1.**    **The Turk Search**

ATF was able to acquire a phone number for former ADD Turk and contact him.  ATF followed up this phone conversation with an email/letter which provided him background on the litigation along with the recent court Order.  He agreed to assist however he could.  As a result

he undertook a search which is detailed in the attached exhibit. ADD Turk did not locate any additional responsive documents.

2.  **New Search**

On October 10, 2018, ATF requested that the Brady Center provide to ATF any suggested search terms that were in addition to the ones mentioned in the Court's September 28, 2019 decision. The Brady Center has committed to providing ATF with proposed search terms by November 1, 2019. After ATF receives the Brady Center's suggested additional search terms, the parties may need to confer in order to finalize the terms to be used.

3.  **The Warning Letter Request (8/7/17)**

On August 12, 2019, the parties conferred regarding the status of ATF's production of documents responsive to the Brady Center's August 7, 2017 request, which we have referred to as the Warning Letter Request. The parties compromised so that ATF would prioritize the Warning Letter production over other Brady Center FOIA Requests not at issue in this litigation and, as a result, ATF would complete the Warning Letter Request production by November 1, 2017.

ATF has been working hard to meet the November 1st deadline which everyone believed would complete ATF's response to the Warning Letter Request. The Warning Letter portion of this litigation requested specific documents from inspections that resulted in an adverse action, to include: Reports of Violations and Warning Letter/Warning Conference Letter/Notice of Revocation. Processing of these specific documents will be completed and a delivery will occur on November 1, 2019.

On October 28, 2019, defendants informed the Brady Center that additional responsive records were identified that could not be released by November 1, 2019. This issue was

identified as a result of a parallel Congressional Oversight request which requested documents being produced in this litigation, along with something called a "Firearms Narrative Report" that is associated with each inspection.  Ordinarily, a typical FOIA request for FFL records would be sent to the Firearms Licensing Center, who would copy all documents in the file of the particular FFL and provide them to ATF's Disclosure Division for processing.  As this request was for records related to over 1,000 FFLs, and only a portion of documents would be responsive, it was decided that responsive documents would be pulled from NSPECT, in order to meet the document production deadline/page requirements associated with these deadlines and not over-burden the licensing center.

After identifying the parallel Congressional Oversight request, ATF re-reviewed the original FOIA request and noted that it also had asked for Firearms Narrative Reports.  ATF has not processed any of these records for the Brady Center.  Instead of pulling the *Firearms Narrative Report* from NSPECT, ATF Disclosure Division personnel have been pulling and producing the *Assignment and Report*.  This was not intentional, but an oversight.  This may have stemmed from several Firearms Narrative Reports not being loaded into NSPECT during the first production, and thus not captured. This led to a situation that when subsequent documents were pulled it was done under the mind-set that the *Assignment and Report* was the responsive document to be used in the production.

In all ATF will have provided documents associated with approximately  2,200 FFL inspections. This translates to 13,361 pages and after the production on November 1, 2019, it is estimated to be over 15,000 pages.  Firearms Narrative Report's average between 8-12 pages. This results in roughly 22,000 pages of responsive information.

In order to determine whether the Brady Center wants these documents processed, on October 30, 2019, defense counsel sent to plaintiff's counsel a sample Firearms Narrative report. On October 31, 2019, plaintiff's counsel asked for the ATF's position on four issues that would inform the Brady Center's decision to have these documents processed in response to its August 7, 2017 Request:

(1) How long does the Agency need to create a Vaughn index for the documents produced as of November 1, 2019?

(2) Would the Agency be willing to begin that process before it has completed the production of the newly discovered documents?

(3) What is the best estimate the Agency can provide for how long it will take to release the newly discovered documents?

(4) Alternatively, how many pages of newly discovered documents can the Agency commit to releasing per month?

In the meantime, ATF notes that, if the Brady Center does choose to move forward with having these reports processed, the Disclosure Division has been assigned nine additional personnel from various Field Divisions in order to respond to the aforementioned Congressional Oversight production demand for similar documents.  The nine additional employees will be working on a part-time basis for the Disclosure Division, in additional to their regular duties. They will begin pulling the responsive Firearms Narrative Reports that were omitted from the previous productions, and will also be assisting in the redaction of these documents.  These will be produced to the Oversight Committee and can also be provided to the Brady Center.  So, while ATF cannot currently estimate an exact date on when the production would be complete, the processing should be faster.

4.   **Vaughn**

ATF's position is that production of a Vaughn index will slow down the processing of the remaining information at issue and, in light of the above newly discovered information, is premature.

The parties plan to meet and confer in November to try to resolve the issues related to the search terms and newly discovered records and thus recommend that they file a further joint status report on or before December 5, 2019, to update the Court on the progress of the supplemental search efforts and the processing.

October 31, 2019                                            Respectfully Submitted,

*/s/ Kevin T. Barnett*                                     JESSIE K. LIU,
Kevin T. Barnett (D.C. Bar No. 1003410)     D.C. BAR # 472845
Alan Pemberton (D.C. Bar No. 367108)       United States Attorney
Nooree Lee (D.C. Bar No. 1001687)            for the District of Columbia
Covington & Burling LLP
One CityCenter                                              DANIEL F. VAN HORN
850 Tenth Street NW                                      D.C. BAR # 924092
Washington, DC 20001                                  Chief, Civil Division
(202) 662-5430
kbarnett@cov.com                                         */s/ Marina Utgoff Braswell*
                                                                       MARINA UTGOFF BRASWELL
Jonathan E. Lowy (D.C. Bar No. 418654)    D.C. Bar # 416587
Joshua Scharff (D.C. Bar No. 999392)         Assistant United States Attorney
Brady Center to Prevent Gun Violence        United States Attorney's Office
840 First Street NE Suite 400                      555 4th Street, N.W.—Civil Division
Washington, DC 20002                                 Washington, D.C. 20530
(202) 370-8105                                              (202) 252-2561
jscharff@bradymail.org                                 Marina.Braswell@usdoj.gov

*Attorneys for Plaintiff*                                 *Attorneys for Defendant*